IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD A. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-CV-705 |
| | ) | |
| CAROLYN W. COLVIN[1], | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Richard A. Wade, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for Disability Insurance Benefits under Title II of the Act. The parties have filed cross-motions for judgment and the administrative record has been certified to the Court.

## PROCEDURAL HISTORY

Mr. Wade filed an application for Disability Insurance Benefits ("DIB") in 2005. (Tr. 143.) His application was denied initially and upon reconsideration. (Tr. 45-46.) After a hearing de novo before an Administrative Law Judge ("ALJ"), the ALJ determined that Mr. Wade was not disabled within the meaning of the Act. (Tr. 47.) On August 10, 2009, the Appeals

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. The lawsuit automatically continues, per the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Council denied Mr. Wade's request for review of the ALJ's decision (Tr. 1), thereby making it the Commissioner's final decision for purposes of judicial review.

The ALJ made the following findings later adopted by the Commissioner:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since March 5, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: hepatitis C with chronic fatigue; right elbow chronic lateral epicondylitis, status post repair of torn extensor tendon; and slight right L5-S1 and left L4-5 facet degenerative joint space narrowing (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to engage in medium work as defined in 20 CFR 404.1567(c) with the following exceptions: claimant's right grip strength is slightly diminished to 4½/5 but he can still manipulate small objects. He should avoid continuous and/or rapid pushing and pulling with his right upper extremity. He can occasionally balance but should never climb ladders, ropes or scaffolds. Furthermore, he should avoid concentrated exposure to unprotected heights and moving machinery.

(Tr. 52-55.)

The ALJ found that Mr. Wade could not perform any past relevant work (Tr. 58), but that based on relevant considerations, including Mr. Wade's residual functional capacity ("RFC"), age, education, work experience, and the VE's testimony, there are "a significant number of jobs" Mr. Wade could perform. (Tr. 60.) The ALJ accordingly found that Mr. Wade has not been under a "disability," as defined in the Act. (Tr. 60.)

2

## DISCUSSION

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The scope of this review is "extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hines*, 453 F.3d at 561 (internal brackets and quotation marks omitted). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). A reviewing court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). The issue before the reviewing court, therefore, is not whether the claimant is disabled, but whether the ALJ's finding that the claimant is not disabled "is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"A claimant for disability benefits bears the burden of proving a disability." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "To regularize the adjudicative process, the Social Security Administration has . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Id.* "These regulations establish a

3

'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted). This process has up to five steps:

> The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work.

*Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).

## Assignments of Error

Mr. Wade contends that substantial evidence does not support the ALJ's findings at steps three and four. In particular, he contends that the ALJ (1) improperly evaluated the opinions of Mr. Wade's treating physicians and the opinion of an examining consulting physician; (2) improperly evaluated Mr. Wade's credibility regarding his subjective pain and other symptoms; (3) mechanically applied age categories contrary to 20 C.F.R. § 404.1563; and (4) failed to formulate an RFC assessment supported by substantial evidence. (Docket Entry 13 at 4-10.) Defendant contends otherwise and urges that substantial evidence supports the determination that Mr. Wade was not disabled. (Docket Entry 15 at 15.)

**1. Treating and Consulting Physician Opinions**

Mr. Wade challenges the ALJ's consideration of the opinions of Dr. William A. Gramig, Mr. Wade's treating orthopaedist, Dr. R. Nevill Gates, Mr. Wade's primary care physician, and Dr. Alan A. Rosenbloom, a consulting examining physician. (Docket Entry 13 at 4-7.)

The treating physician rule generally requires an ALJ to give more weight to the opinion of a treating source about the nature and severity of a claimant's impairment, on the ground that treating sources

4

> provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) [which] may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2). The rule also recognizes, however, that not all treating sources or treating source opinions are created equal. The nature and extent of each treatment relationship appreciably tempers the weight an ALJ affords it. 20 C.F.R. § 404.1527(c)(2)(ii). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590 ; *see* 20 C.F.R. § 404.1527(c)(2)-(4). Finally, opinions by physicians about the ultimate issue of disability within the meaning of the Social Security Act do not receive controlling weight because that issue is reserved for the Commissioner alone. 20 C.F.R. § 404.1527(d).

### a. Dr. Gramig's Opinion

Mr. Wade contends that the ALJ committed reversible error by failing to "articulate his reasons for completely disregarding Dr. Gramig's numerous treating source opinions/restrictions in violation of [20 C.F.R.] § 404.1527(d)(2)." (Docket Entry 13 at 5.) Generally, an ALJ must explicitly state the weight given to all relevant evidence, including medical source opinions. *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). However, no principle of administrative law or common sense requires a remand in quest of a perfect opinion from an ALJ. *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *Botta v. Barnhart*, 475 F. Supp. 2d 174, 188 (E.D.N.Y. 2007) (observing that failure to explicitly discuss certain matters "does not require remand if it can be ascertained from the entire record and the ALJ's opinion that the ALJ 'applied the substance' of the treating physician rule").

In the present case, the ALJ considered Dr. Gramig's opinion in evaluating Mr. Wade's allegations of right elbow pain and weakness and discussed that opinion in detail. (Tr. 56.) While Mr. Wade is correct that the ALJ failed to expressly state the weight given to Dr. Gramig's opinion regarding weight restrictions and failed to expressly explain why he disregarded that opinion, it is clear from the ALJ's decision that he reviewed Dr. Gramig's record carefully and he expressly weighed Dr. Gramig's opinions in light of the opinions of Dr. Rosenbloom. An ALJ is not required to recite each and every piece of evidence in his decision. *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008). Based on a review of the entirety of the record, there is substantial evidence to support the ALJ's decision.

  **b.**   **Dr. Gates' Opinion**

The ALJ fully considered Dr. Gates' opinion that Mr. Wade was disabled but gave it "relatively little weight" on the basis that Dr. Gates' own treatment notes failed to support the opinion. Instead, Dr. Gates relied heavily on Mr. Wade's subjective complaints in forming his opinion. (Tr. 58.) Mr. Wade contends that the ALJ committed reversible error by neglecting "to specify any inconsistencies between Dr. Gates' opinion and the weight of the medical evidence," and thus failed to provide reasonable justification pursuant to 20 C.F.R. § 404.1527(d)(1)-(2) for rejecting the opinion. (Docket Entry 13 at 6.); see *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Here, the ALJ's factual findings, considered in light of the record as a whole, are sufficient to permit the Court to conclude that substantial evidence supports the decision. The ALJ considered Dr. Gates' opinion that Mr. Wade's chronic fatigue from hepatitis C was disabling, but correctly noted that Dr. Gates described Mr. Wade's liver function tests as "'actually relatively

6

normal.'" (Tr. 57(quoting Tr. 535).) This is consistent with other treatment notes, which described Mr. Wade's liver function results being only minimally elevated (Tr. 487), "relatively tame" (Tr. 297), "mildly elevated," (Tr. 490, 493), asymptomatic (Tr. 406), or persistently elevated but quite low. (Tr. 500.) The ALJ considered Dr. Gates' opinion that Mr. Wade's right elbow pain was disabling, but also made note of evidence contrary to the opinion, including objective medical findings by Drs. Gramig and Rosenbloom, as well as Mr. Wade's testimony regarding his daily activities and his minimal use of pain medication. (Tr. 56-57.) Moreover, while the ALJ should consider opinion testimony by treating physicians about disability, Dr. Gates' statement that Mr. Wade is disabled is not entitled to controlling weight, since that is ultimately a legal issue for the ALJ. 20 C.F.R. § 404.1527(d). Because the ALJ considered this relevant evidence and adequately explained why he did not agree with it, there is no error.

### c. Dr. Rosenbloom's Opinion

Mr. Wade next contends that the ALJ erred in failing to mention and give weight to findings by Dr. Rosenbloom that hand manipulations increase pain in Mr. Wade's elbow with rapidly increasing pain resulting from picking up or carrying significant weight and that Mr. Wade's right elbow pain impaired his ability to lift, carry and repetitively manipulate small objects. (Docket Entry 13 at 6.) While the ALJ did not discuss this specific part of Dr. Rosenbloom's opinion, any error is harmless.

As noted *supra*, the ALJ need not recite every piece of relevant evidence. *Scott ex rel. Scott,* 529 F.3d at 822. Moreover, this part of Dr. Rosenbloom's opinion was based not on objective findings, but instead on purely subjective complaints, and the ALJ elsewhere adequately set forth his reasoning for rejecting Mr. Wade's descriptions of the degree of his incapacity. *See*

7

*infra*. Lack of supporting clinical documentation and diagnoses based merely upon a claimant's subjective complaints are legitimate grounds for rejecting a physician's opinion. *See Mastro*, 270 F.3d at 178; *see also Kurzon v. U.S. Postal Serv.*, 539 F.2d 788, 796 (1st Cir. 1976) (discussing harmless error).

**2.     Credibility Assessment**

Mr. Wade contends that the ALJ erred in finding Mr. Wade not fully credible.    (Docket Entry 13 at 7-9.)   In evaluating the intensity and persistence of the claimant's pain, and the extent to which it affects his ability to work, the fact finder:

> must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

*Craig*, 76 F.3d at 595. (internal citations and quotation marks omitted).

Here, the ALJ found that Mr. Wade's complaints were not supported by objective medical evidence and noted Mr. Wade's "routine and conservative" medical treatment history, his only occasional use of pain medication, and his daily activities, including household chores, driving, and shopping.   (*Id.*)   The ALJ concluded that these factors were "inconsistent with an incapacitating or debilitating condition" and that Mr. Wade's statements were not sufficiently credible to warrant more restrictive limitations.   (*Id.*)

Mr. Wade contends that the ALJ erred in assessing Mr. Wade's credibility by failing to consider the "entire case record."  (Docket Entry 13 at 7.)   Mr. Wade cites to selected pieces of evidence from the record (*see* Docket Entry 13 at 8-9), and asserts that the ALJ "fail[ed] to discuss

8

any of these facts." (Docket Entry 13 at 8.) Mr. Wade further contends that the ALJ incorrectly interpreted Mr. Wade's activities of daily living, pointing to a statement to Dr. Gramig that he is unable to perform daily activities at a "pain-free" level, and testimony that he has difficulty with daily tasks and has reason to be depressed. (Docket Entry 13 at 9.)

The ALJ need not, however, recount each piece of evidence in making a credibility assessment. *See Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). In evaluating Mr. Wade's credibility, the ALJ has the responsibility to draw inferences from, and resolve conflicts in, the record. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Mr. Wade has not shown that the ALJ ignored crucial portions of the record or that his credibility finding was patently unreasonable given the evidence in the record. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). The ALJ's decision demonstrates that he adequately considered the evidence, including Mr. Wade's subjective complaints. (Tr. 55.) The ALJ's credibility analysis was well-grounded in the evidence and articulated sufficiently to provide meaningful review.

Mr. Wade also contends that the ALJ erred in relying on Dr. Gates' notes about one normal liver test to reject Mr. Wade's testimony about fatigue resulting from his chronic hepatitis C. The ALJ's decision accurately reflects Dr. Gates' medical findings on the date at issue, and, as summarized *supra*, Mr. Wade's liver function was for years described as "stable," "asymptomatic," "tame," "minimally elevated," and "relatively normal."[2]

---

[2] The ALJ also properly considered that Mr. Wade continued to drink alcohol despite repeated exhortations by health care professionals to discontinue. (*See* Tr. 299-303, 380-82, 386-91, 408, 410, 471, 473, 487, 490, 495, 535). *See also English v. Shalala*, 10 F.3d 1080, 1084 (4th Cir. 1993)(failure to follow prescribed treatment properly considered as a factor in evaluating a claimant's credibility).

9

### 3. Application of Age Categories

Mr. Wade next contends that the ALJ violated 20 C.F.R. § 404.1563 by mechanically applying age categories. (Docket Entry 13 at 9-10.) Mr. Wade contends that because he turned 55 years old six months after his alleged onset date, he fell into a borderline category and should have been considered in the advanced age category. (*Id.*)

Mr. Wade fails to cite, and the Court is unable to locate, any place in the ALJ's decision where he "mechanically applied" any age category in finding Mr. Wade not disabled. Indeed, the ALJ specifically stated that he considered Mr. Wade's age in making his determination. (*See* Tr. 59.) The VE was asked to consider a hypothetical claimant with an age range 54-58, which accurately reflects Mr. Wade's age range from his alleged onset date to the date of the hearing. (*See* Tr. 35.) Thus, based on the clear language of the ALJ's decision and the transcript of the hearing, there is no error.

### 4. RFC

Mr. Wade contends finally that the ALJ's RFC assessment, and specifically, the finding that Mr. Wade's right grip strength is slightly diminished to 4½/5, is not supported by substantial evidence; instead, the weight of the evidence "indicates" that Mr. Wade is unable to lift more than twenty pounds and cannot perform prolonged gripping, grasping, or twisting, or any repetitive flexion, extension, pronation or supination. (Docket Entry 13 at 10, citing Tr. 340.)

An RFC measures the most a claimant can still do despite his physical and mental limitations. *Hines*, 453 F.3d at 562; 20 C.F.R. § 404.1545(a). An ALJ determines a claimant's RFC only after he considers all relevant evidence of a claimant's impairments, such as his ability to

sit-stand, push-pull, lift weight, walk, etc., as well as any related symptoms, including pain. *Hines*, 453 F.3d at 562-63.

Here, Mr. Wade contends that the ALJ should have applied the weight limitations expressed by Dr. Gramig. (Docket Entry 13 at 10.) The Court has already addressed the ALJ's treatment of Dr. Gramig's opinion and found no error. The RFC findings are supported by substantial evidence.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is **AFFIRMED**, that Mr. Wade's motion for judgment on the pleadings (Docket Entry 12) seeking a reversal of the Commissioner's decision is **DENIED**, that Defendant's motion for judgment on the pleadings (Docket Entry 14) is **GRANTED**, and that this action is dismissed with prejudice.

This the 15th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE